UNITED STATED DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION



FILED
MAR 24 2009

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

MS. NANCY HEISINGER,         *     CIV. 08-4027
                             *
        Plaintiff,           *
                             *     MEMORANDUM OPINION
    -vs-                     *     AND ORDER
                             *
CJ VENTURES, LLC d/b/a/ CULVERS *
FROZEN RESTAURANT OF MITCHELL;*
and JASON BRADLEY and KRISTI  *
BRADLEY, Owners; both in the  *
Individual and Official Capacities *
                             *
        Defendants.          *
                             *

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Defendants have moved to dismiss without prejudice Plaintiff's Complaint on the basis that the Court has no personal jurisdiction over Defendant because Plaintiff did not serve Defendant within 120 days after filing the Complaint as is required under Fed. R. Civ. P. 4(m). Additionally, Defendants move to dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(6) on the basis that Plaintiff is no longer the real party in interest. (Doc. 10).

## BACKGROUND

The facts will be stated in the light most favorable to Plaintiff, the non-moving party in this motion to dismiss proceeding.

*Service of Process*

On or about June 19, 2006, Plaintiff was demoted from her position as Assistant Manager at Culvers Frozen Custard Restaurant of Mitchell, South Dakota, ("Culvers"), to Team Member. Plaintiff subsequently filed a charge with the South Dakota Division of Human Rights ("SDDHR") on March 21, 2007, alleging that Defendants failed to accommodate her disability and engaged in

disability discrimination when she was demoted her from her position as Assistant Manager to a position as Team Member. At the time of the incidents in question, Plaintiff was taking medications for bipolar disorder and was also diabetic. Plaintiff also claims that she was constructively discharged by the working conditions that Defendants placed upon her.

In a letter dated April 6, 2007, Lon Kouri of May & Johnson, PC, provided notice to SDDHR that his firm had been retained to represent Defendants during the EEOC discrimination investigation. In a letter dated April 20, 2007, Defendant's attorney, David Pfeifle of May & Johnson, PC, requested that any further contact be coordinated through him.

SDDHR completed an investigation and on September 7, 2007, issued a "Determination of Probable Cause." In letters dated September 14 and 18, 2007, Mr. Pfeifle notified SDDHR that Defendants refused to conciliate, removed jurisdiction from the EEOC, and required Plaintiff to bring a civil action to pursue any relief. On November 13, 2007, the EEOC issued a formal determination independently affirming SDDHR's "probable cause" determination. Thereafter, Mr. Pfeifle was listed as "Respondent's Representative" in the EEOC's Notice of Right to Sue which was stamped as "received" on December 3, 2007.

Plaintiff contacted Mr. Pfeifle on February 26, 2008, to provide notice of Plaintiff's intent to file a federal Complaint and inquired whether Mr. Pfeifle would continue to represent Defendants in the anticipated lawsuit. Mr. Pfeifle indicated he assumed he would continue representing Defendants, and if so, would be willing to waive service of process. Plaintiff filed her initial Complaint on February 26, 2008.

On March 6, 2008, Mr. Pfeifle telephoned Plaintiff's counsel and indicated that he was representing Defendants and expressed disapproval of an alleged conversation Plaintiff's attorney had with a then-current employee of Culvers prior to the time Plaintiff filed her Complaint.

On June 18, 2008, Plaintiff's counsel telephoned Mr. Pfeifle's office to confirm that he

would accept waiver of service of process in lieu of affecting formal service. Although Mr. Pfeifle was not in, his secretary allegedly contacted him and responded within minutes by telephone reconfirming Mr. Pfeifle's oral promise to accept waiver of service of process.

On June 24, 2008, 119 days after filing the original complaint, Plaintiff filed an Amended Complaint with the Court. On that same day, Plaintiff served Defendants with a copy of the Amended Complaint and waiver of service of process forms. Mr. Pfeifle executed and returned the waiver on July 23, 2008, and Plaintiff filed Defendants' waiver with the Court on August 22, 2008.

*Bankruptcy Filing*

On July 3, 2008, after Plaintiff filed her Amended Complaint, Plaintiff filed a voluntary Chapter 7 Bankruptcy Petition in the United States Bankruptcy Court for the District of South Dakota. At the time of the petition, Plaintiff had not listed the claims in this lawsuit as assets in her bankruptcy schedules. Sometime after filing the bankruptcy petition, but before September 8, 2008, Plaintiff alerted the bankruptcy trustee, Lee Ann Pierce, to this lawsuit during her § 341 First Meeting of Creditors.

On September 8, 2008, Plaintiff filed a motion, Doc. 15, to substitute Trustee Lee Ann Pierce as the real party in interest in this case.

*Motion to Dismiss*

Defendant has moved to dismiss Plaintiff's claims under 12(b)(2) on the basis that the Court lacks personal jurisdiction over Defendant because Plaintiff failed, in violation of Fed. R. Civ. P. 4(m), to perfect service of process within 120 days after filing the Complaint.

**LEGAL STANDARD**

*Rule 12(b)(2) Standard*

A court lacks personal jurisdiction over a defendant unless the plaintiff is able to prove that the defendant has been served process in accordance with the procedures set forth in Fed. R. Civ. P. 4. *Adams v. AlliedSignal Gen.*, 74 F.3d 882, 885-86 (8th Cir. 1996) ("If AlliedSignal, Inc., was improperly served, the district court lacked jurisdiction over that defendant whether or not it had actual notice of the lawsuit."); *Gould v. P.T. Krakatau Steel*, 957 F.2d 573, 575 (8th Cir. 1992) (citation omitted) (stating that the burden of proof is on the party seeking to establish personal jurisdiction).

While a plaintiff bears the ultimate burden of proof, jurisdiction need not be proved by a preponderance of the evidence until trial or until the court holds an evidentiary hearing. *Dakota Indus., Inc. v. Dakota Sportswear, Inc.*, 946 F.2d 1384, 1387 (8th Cir. 1991) (citing *Cutco Ind. v. Naughton*, 806 F.2d 361, 365 (2d Cir. 1986)). To defeat a motion to dismiss for lack of personal jurisdiction, the nonmoving party need only make a prima facie showing of jurisdiction. *Id.* (citing *Watlow Elec. Mfg. Co. v. Patch Rubber Co.*, 838 F.2d 999, 1000 (8th Cir. 1988)). If the district court does not hold a hearing and instead relies on pleadings and affidavits, the court must look at the facts in the light most favorable to the nonmoving party, and resolve all factual conflicts in favor of that party. *Id.* (citations omitted).

*Rule 12(b)(6) Standard*

While the federal rules do not contain a specific procedure for raising an objection that a plaintiff is not the real party in interest, Wright & Miller, *Federal Practice & Procedure: Civil 3d* § 1554, the Court finds that such an objection is analogous to a motion under Fed. R. Civ. P. 12(b)(6). *Magallon v. Livingston*, 453 F.3d 268, 271 (5th Cir. 2006) (citing Wright & Miller, *Federal Practice & Procedure: Civil 2d* § 1554).

In ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept the

plaintiff's factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59, 90 S.Ct. 1598, 1609, 26 L.Ed.2d 142 (1970). Because the pleading rules require only "notice" pleading, rather than detailed fact pleading, a court must construe a plaintiff's allegations liberally, and should only dismiss a complaint if a plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).

In deciding whether to dismiss, a court may consider only the facts alleged in the pleadings, documents attached as exhibits[1] or incorporated by reference in the pleadings,[2] and public documents.[3]

## DISCUSSION

I. **Late Service of Process**

Defendant has moved to dismiss Plaintiff's claims under 12(b)(2) on the basis that the Court lacks personal jurisdiction over Defendant because Plaintiff failed, in violation of Fed. R. Civ. P. 4(m), to perfect service of process within 120 days after filing the Complaint.

Federal Rules of Civil Procedure 4(m) provides that if a defendant has not been served within 120 days after filing of the complaint, "the court– on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made

---

[1] *Stahl v. USDA*, 327 F.3d 697, 700-01 (8th Cir. 2003) (finding that district court properly considered contract documents that were attached to motion to dismiss without converting motion into one for summary judgment).

[2] *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999) (citing *Piper Jaffray Cos. v. Nat'l Union Fire Ins. Co.*, 967 F.Supp. 1148, 1152 (D. Minn. 1997) (stating that may consider extra-pleading material "necessarily embraced by the pleadings" including documents incorporated by reference)).

[3] *Stahl*, 327 F.3d at 700-01 (finding that district court properly considered certain public records in ruling on a motion to dismiss under Rule 12(b)(6)).

within a specified time." A plaintiff may request that a defendant waive formal service of process of a summons and complaint if the request is made in writing and addressed to either the individual defendant or to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.[4] Fed. R. Civ. P. 4(d)(1). Waiver of formal service of process is complete only once "the defendant returns the waiver and the plaintiff files the waiver with the court...." *Larsen v. Mayo Med. Ctr.*, 218 F.3d 863, 867 (8th Cir. 2000) (quoting Fed. R. Civ. P. 4(d)(4)). Therefore, "[a]s a matter of common sense, the procedure for requesting waiver of formal service should not be used if the time for service under subdivision (m) will expire before the date on which the waiver must be returned." Wright & Miller, *Federal Practice and Procedure: Civil 3d* § 1137.

There is no question that Plaintiff failed to complete service within the 120-day time period as is required under Rule 4(m). Filing an amended complaint within the 120-day period for service, as Plaintiff did in the present case, "does not toll the 120-day period as to defendants already named in the complaint." *Baden v. Craig-Hallum, Inc.*, 115 F.R.D. 582, 586 (D. Minn. 1987) (discussing the 120-day limits of Fed. R. Civ. P. 4(j) which language is now contained in rule 4(m), *see* 1993 Amendments); *see also Carmona v. Ross*, 376 F.3d 829, (8th Cir. 2004) (per curiam); *Excalibur Oil, Inc. v. Gable*, 105 F.R.D. 543, 544 (N.D. Ill. 1985) (stating that the normal and expected procedure would have been to have served defendants first, *then* to amend the Complaint). It is uncontested that Plaintiff did not file the Defendants' waiver with the Court until August 22, 2008, well after the June 25, 2008, deadline for perfecting service of process.

Despite the fact Plaintiff failed to perfect service within the time allotted under the Federal Rules of Civil Procedure, the Court must extend the time for service rather than dismiss the case if plaintiff shows good cause for the delay. *Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 887 (8th Cir. 1996) (citing Fed. R. Civ. P. 4 advisory committee notes (1993)). The Eighth

---

[4]Rule 4(d)(1) also states, among other things, that the request for waiver name the court where the complaint was filed and be accompanied by a copy of the complaint, two copies of a waiver form, and a prepaid means for returning the form.

Circuit has said that "[a] showing of good cause requires at least 'excusable neglect' - good faith and some reasonable basis for noncompliance with the rules." *Adams*, 74 F.3d at 887 (citing *Lujano v. Omaha Pub. Power Dist.*, 30 F.3d 1032, 1035 (8th Cir. 1994); *Pelligrin & Levine, Chartered v. Antoine*, 961 F.2d 277, 282-83 (D.C. Cir. 1992)). "When counsel has ample notice of a defect in service, does not attempt an obvious correction, and chooses to defend the validity of the service attempted, there is no good cause for the resulting delay if that method of service fails." *Id.* (citing *Traina v. United States*, 811 F.2d 1155, 1157 (5th Cir. 1990)).

Applying the facts of *Adams* to the present case, we find that no good cause exists for Plaintiff's noncompliance with Rule 4(m). Plaintiff has not exhibited a good faith duty of timely service. The statute plainly states that service will not be effective until Plaintiff has filed with the Court a waiver of service of process signed by Defendant. There was no possibility that Plaintiff could have affected service within the 120-day period when she mailed the waiver form to Defendants on day 119 since Rule 4(d)(1)(F) provides that Defendants are allowed a minimum of thirty (30) days to respond.

The Court, however, has discretion to "relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown," *Adams*, 74 F.3d at 887 (citing Fed. R. Civ. P. 4 advisory committee notes (1993)). The Advisory Committee Notes (1993) to Fed. R. Civ. P. 4 state that relief may be justified in cases where the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service.

Despite Plaintiff's failure to comply with the procedures for service of process as set forth in Fed. R. Civ. P. 4, the Court finds that extending the time for Plaintiff to perfect service of process is appropriate under the facts of this case. While the Court declines to comment on the merits of the case, Plaintiff has at least a colorable claim of discrimination given the EEOC's probable cause determination. If Plaintiff were forced to refile her claims, they would undoubtedly be barred under the statute of limitations. Additionally, the Court finds that an extension will do little to prejudice

Defendants since they were given notice of the pending claim even prior to the time Plaintiff filed her initial Complaint in this action.

For the foregoing reasons, the Court denies Defendants' motion to dismiss for insufficient service of process. The Court extends Plaintiff's time to perfect service of process to August 23, 2008. Because Defendants' signed waiver was filed with the Court on August 22, 2008, the Court finds that Defendant has waived service of process in this case.

## II. Real Party in Interest

Defendants move to dismiss Plaintiff's claim on the basis that Plaintiff is no longer the real party in interest since Plaintiff's claims became part of her bankruptcy estate once she voluntarily filed for Chapter 7 bankruptcy. In response, Plaintiff argues that pursuant to Fed. R. Civ. P. 25(c) and 17(a)(3), the proper remedy in this case is to grant Plaintiff's motion to substitute the bankruptcy trustee of record, Lee Ann Pierce, as the real party in interest.

Under 11 U.S.C. § 541(a), the Trustee did not become the real party in interest until Plaintiff filed her petition for bankruptcy on July 3, 2008. *See ELCA Enters., Inc. v. Sisco Equip. Rental & Sales, Inc.*, 53 F.3d 186, 191 (8th Cir. 1995) (stating that substantive law, not Rule 25(c), determines what actions survive the transfer of interest). Because the transfer of interest in claims in this case did not take place until approximately one week after Plaintiff filed her Complaint, Fed. R. Civ. P. 25(c), rather than 17(a)(3) governs the disposition of this issue. *See id.* at 190 n.4 ("Because Rule 17 applies only to transfers occurring prior to the commencement of a lawsuit, we will construe ELCA's motion as solely relying on Rule 25(c).").

Federal Rules of Civil Procedure 25(c) provides in relevant part that "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party...." The rule is "designed to allow an action to continue unabated when an interest in a lawsuit changes hands."

*ELCA Enters., Inc.*, 53 F.3d at 191 (quoting *Gen. Battery Corp. v. Globe-Union, Inc.*, 100 F.R.D. 258, 261 (D. Del. 1982)). Although Plaintiff has moved in this case to substitute bankruptcy trustee, Lee Ann Pierce, as real party of interest, it is within the court's discretion whether joinder or substitution of this party would facilitate the litigation. *Froning's, Inc. v. Johnston Feed Serv., Inc.*, 568 F.2d 108, 110 n.4 (8th Cir. 1978) (stating that the "decision whether to substitute parties lies within the discretion of the trial judge and he may refuse to substitute parties in an action even if one of the parties so moves.") (citation omitted).

For the foregoing reasons it is hereby ORDERED:

(1) that Defendants' Motion to Dismiss, Doc. 10, is DENIED.

(2) that Defendants waived service of process within the extension period provided to Plaintiff by the Court in this Order;

(2) that Plaintiffs' Motion to Substitute Party, Doc. 15, is GRANTED IN PART AND DENIED IN PART. The Court orders that Trustee, Lee Ann Pierce, be joined with Plaintiff, and that the parties proceed as co-Plaintiffs in this matter.

Dated this 24th day of March, 2009.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: Colleen Schutte
DEPUTY